**MANDATE**

SDNY/NYNY
04-cv-3318
Preska

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 20th day of December, two thousand and five.

PRESENT:

    HON. GUIDO CALABRESI,
    HON. ROBERT A. KATZMANN,
    HON. PETER W. HALL,
                 *Circuit Judges.*



---

HAMPSHIRE EQUITY PARTNERS II, L.P.,

    *Plaintiff-Appellant*,

    v.                                                                                      No. 05-2279-cv

TERADYNE, INC. and TERADYNE CONNECTION
SYSTEMS DIVISION,

    *Defendants-Appellees.*

---

For Plaintiff-Appellant:           JOHN H. DOYLE, III (Michael J. Lane and
                                           Luma Al-Shibib, *of counsel*), Anderson Kill
                                           & Olick, P.C., New York, N.Y.

A TRUE COPY
Roseann B. MacKechnie, CLERK
by _____
DEPUTY CLERK

1

ISSUED AS MANDATE: 1/12/06

| | |
|---|---|
| For Defendants-Appellees: | JORDAN D. HERSHMAN, Bingham McCutchen LLP (Anthony L. Paccione, Katten Muchin Rosenman LLP, New York, N.Y., and Jason D. Frank, Bingham McCutchen LLP, *of counsel*), Boston, Mass. |

Appeal from a final decision of the United States District Court for the Southern District of New York (Preska, *J.*).

___

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

___

Plaintiff-Appellant Hampshire Equity Partners II, L.P. ("Hampshire") appeals the district court's dismissal of its complaint against Defendants-Appellees Teradyne, Inc., and Teradyne Connection Systems Division (collectively "Teradyne"). Hampshire brought this action to recover $55 million in losses it claims it sustained as a result of its inopportune investment in Connector Services Corporation, a supplier of "out-source component manufacturing for electronic connector companies," which filed for bankruptcy protection in September 2003. Hampshire alleges that a Teradyne executive, Mark Emerson, provided it with intentionally misleading information in the course of Hampshire's due diligence investigation. Based on this allegation, Hampshire asserts common law claims for, *inter alia*, fraud, intentional interference with economic opportunity, and negligent misrepresentation. The district court dismissed Hampshire's complaint on the grounds that Hampshire had failed to plead its fraud claims with the particularity mandated by Fed. R. Civ. P. 9(b), and, in the alternative, that Hampshire had failed to state a cause of action under Fed. R. Civ. P. 12(b)(6).

We presume the parties' familiarity with the facts, the procedural history, and the scope of the issues presented on appeal, which we reference only as necessary to explain our decision.

We affirm the district court's dismissal of Hampshire's claims for failure to state a cause of action under Rule 12(b)(6), substantially for the reasons given below. The statements attributed to Emerson are largely "in the nature of opinion or puffery incapable of being proved true or false," and accordingly cannot support a claim for fraud or negligent misrepresentation. See Bader v. Siegel, 657 N.Y.S.2d 28, 29 (App. Div. 1st Dep't 1997); Hydro Investors, Inc. v. Trafalgar Power, Inc., 227 F.3d 8, 20-21 (2d Cir. 2000). To the extent that any of Emerson's alleged misrepresentations are anything but inactionable promises, they are "so obviously unimportant to a reasonable investor that reasonable minds could not differ on the question of their importance." Feinman v. Dean Witter Reynolds, Inc., 84 F.3d 539, 540-41 (2d Cir. 1996) (internal quotation marks omitted). Hampshire's claim for intentional interference with economic opportunity is defective for the reason given by the district court.

Because we agree with the district court that Hampshire fails to state a cause of action under Rule 12(b)(6), we do not reach the alternative basis that fraud was not pleaded with sufficient particularity to satisfy Rule 9(b). And because Hampshire has not suggested any amendments that would not be futile, we cannot say that the district court abused its discretion in denying leave to amend. See Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993) (per curiam) ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend.").

| | |
|---|---|
| 1 | We have considered all of Hampshire's arguments and find them to be without merit. The |
| 2 | decision of the district court is therefore AFFIRMED. |

For the Court,
ROSEANN B. MACKECHNIE,
Clerk of Court

by: *Oliva M. George*

Oliva M. George, Deputy Clerk